**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION IN LIMINE** |
| vs. | ) | |
| | ) | |
| Burdon Fabron Lester, | ) | |
| | ) | Case No. 1:07-cr-048 |
| Defendant. | ) | |

_____

Before the Court is Defendant Burdon Lester's Motion in Limine filed on July 19, 2007. For the reasons set forth below, the Court denies the motion.

**I.      BACKGROUND**

Lester was indicted on two counts, assault resulting in serious bodily injury and assault with a dangerous weapon. The indictment alleges that on or about March 23, 2007, Lester assaulted Chandler Dwarf with a knife. See Docket No. 2. On July 19, 2007, Lester filed a motion in limine requesting that the Court exclude evidence of any prior bad acts committed by Lester. Specifically, Lester requests the exclusion of: (1) evidence of any prior criminal convictions of Lester for assault, disorderly conduct, or domestic abuse in the Standing Rock Sioux Tribal Court; and (2) evidence of an alleged assault between Lester and the alleged victim, Chandler Dwarf, or Patty Lester, that occurred on June 6, 2007.

**II.     LEGAL DISCUSSION**

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Rule 404(b) does allow the admission of such evidence for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). This evidence is admissible if it is: "1) relevant to a material issue; 2) similar in kind and close in time to the crime charged; 3) proven by a preponderance of the evidence; and 4) if the potential prejudice does not substantially outweigh its probative value." United States v. Voegtlin, 437 F.3d 741, 745 (8th Cir. 2006). The Court has broad discretion in making evidentiary rulings, including rulings on the admissibility of prior wrongful acts. United States v. Bowman, 798 F.2d 333, 337 (8th Cir.1986).

Evidence of other assaultive behavior by a defendant is generally admissible pursuant to 404(b) where the defendant claims lack of intent, accident, or self-defense at trial. See United States v. Haukaas, 172 F.3d 542, 544 (8th Cir. 1999) (holding admissible the introduction of evidence of a previous assault where the defendant placed the element of intent into issue by contending that he was intoxicated at the time of the stabbing and had advanced several other defenses including accident and self-defense) . Further, "[w]here intent is an element of the crime charged, evidence of other acts tending to establish that element is generally admissible." United States v. Weddell, 890 F.2d 106, 107-108 (8th Cir. 1989). Nevertheless, the broad principles of admissibility set forth in Rule 404(b) do not mandate that such evidence be admitted without consideration of its prejudicial impact.

Lester's sole argument for the exclusion of the prior bad acts evidence is that the danger of prejudice to Lester significantly outweighs any possible probative value such evidence may have. Based upon a preliminary review of this case and, particularly, the Rule 404(b) evidence which the defendant seeks to exclude, the Court finds that the probative value of such evidence <u>is not</u> substantially outweighed by the danger of unfair prejudice. <u>See</u> Fed.R.Evid. 403. Further, any potential for prejudice may be mitigated by a limiting instruction reminding the jurors that they may consider this evidence only for a purpose permissible under Rule 404(b), not to decide whether Lester is guilty of a charged offense. <u>See</u> <u>United States v. Walker</u>, 470 F.3d 1271, 1275 (8th Cir.2006) (providing that "a limiting instruction diminishes the danger of unfair prejudice arising from the admission of the evidence."); <u>United States v. Spears</u>, 469 F.3d 1166, 1170 (8th Cir.2006) (finding a limiting instruction adequate to guard against potential prejudice).

The Defendant's motion in limine to exclude Rule 404(b) evidence is **DENIED**.

**IT IS SO ORDERED**.

Dated this 2nd day of August, 2007.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, Chief Judge
> United States District Court