IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **SECTION 2255 MOTION** |
| vs. | ) | |
| | ) | |
| Burdon Fabron Lester, | ) | |
| | ) | Case No. 1:07-cr-048 |
| Defendant. | ) | |

_____

Before the Court is Defendant Burdon Lester's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed on November 9, 2007. For the reasons set forth below, the Court dismisses the motion without prejudice.

On August 15, 2007, Lester was found guilty by a jury of his peers on two counts of assault. See Docket No. 28. On October 30, 2007, the Court sentenced Lester to 51 months imprisonment. See Docket No. 31. Thereafter, Lester filed a direct appeal of his conviction and sentence to the Eighth Circuit Court of Appeals on November 6, 2007. See United States v. Lester, Case No. 07-3583. On November 9, 2007, Lester filed the present motion for habeas corpus relief. See Docket No. 38.

It is well-settled that "[o]rdinarily resort cannot be had to 28 U.S.C. § 2255 or habeas corpus while an appeal from conviction is pending." Masters v. Eide, 353 F.2d 517, 518 (8th Cir. 1965). A "federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." United States v. Ledbetter, 882 F.2d 1345, 1347 (8th Cir. 1989). In fact, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Id. (internal citation

omitted).  However, if extraordinary circumstances were found to exist, the timeliness requirement of 28 U.S.C. § 2255 is obviated and the district court could hear the Defendant's habeas petition. See Masters, 353 F.2d at 518.  Lester has failed to identify any extraordinary circumstances that would justify moving forward with the habeas petition while a direct appeal is pending.

For the reasons set forth above, the Court **DENIES** without prejudice the Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  (Docket No. 38).

**IT IS SO ORDERED**.

Dated this 15th day of November, 2007.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court